# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1634

_____

Carolyn Betton; Cytoys Durham;   *
Colette Howard; Jurlean Johnson;   *
Charlene King,        *
             * Appeal from the United States
     Appellants,    * District Court for the
             * Eastern District of Missouri.
   v.          *
             * [UNPUBLISHED]
St. Louis County, Missouri,    *
             *
     Appellee.     *

_____

Submitted: January 5, 2009
Filed: January 16, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Carolyn Betton, Cytoys Durham, Colette Howard, Jurlean Johnson, and Charlene King (appellants) appeal following the district court's adverse grant of summary judgment in their employment-discrimination action against St. Louis County, Missouri (County). While appellants raised other claims below, the only claims at issue on appeal are their Title VII and Missouri Human Rights Act (MHRA) retaliation claims arising from their June 2004 reassignments or transfers to other, less desirable, jobs soon after they complained of race discrimination. Having carefully reviewed the record, see Hervey v. County of Koochiching, 527 F.3d 711, 719 (8th

Cir.), petition for cert. filed, 77 U.S.L.W. 3296 (U.S. Nov. 3, 2008) (No. 08-606) (de novo review), we conclude that the County was not entitled to summary judgment.

Appellants established a prima facie case of retaliation under Title VII, see Van Horn v. Best Buy Stores, L.P., 526 F.3d 1144, 1147 (8th Cir. 2008), and under the MHRA, see Richey v. City of Independence, 540 F.3d 779, 783 (8th Cir. 2008) (court may look to precedents on retaliation in Title VII context for guidance in evaluating MHRA retaliation claim). The district court concluded, however, that there was no jury question on whether the nondiscriminatory reasons County gave for appellants' reassignments were a pretext for discrimination. See Van Horn, 526 F.3d at 1147-48 (applying burden-shifting analysis to retaliation claim). For the following reasons, we disagree. See Gilbert v. Des Moines Area Cmty. Coll., 495 F.3d 906, 918 (8th Cir. 2007) (to prove pretext plaintiff must both discredit proffered reason and show circumstances which permit drawing reasonable inference that real reason for adverse action was retaliation). First, because one of the County's stated reasons for reassigning appellants in June 2004 was that the workload regularly varied among departments, due in part to the bi-annual real estate assessments, we find it relevant that none of the five plaintiffs had ever before been reassigned. Plaintiffs had been working for the County at least two years and in some cases almost four; the fact that the annual workload variations never resulted in their reassignments in prior years undercuts the credibility of this proffered reason. See Hossaini v. W. Mo. Med Ctr., 97 F.3d 1085, 1088 (8th Cir. 1996) (to survive summary judgment, plaintiff is required only to adduce enough admissible evidence to raise genuine doubt as to legitimacy of defendant's motive, even if evidence does not directly contradict or disprove articulated reasons for adverse employment action). Second, while the County's evidence showed that a number of employees had been reassigned since 2003, we conclude that only the 2004 reassignments of the appraisal-support office service representatives, such as appellants, were relevant, given that the other transferred employees reflected in the County's evidence held different, mostly higher-level, positions in other sections, and many were reassigned or transferred well

before or after June 2004.  Cf. Kight v. Auto Zone, Inc., 494 F.3d 727, 733-34 (8th Cir. 2007) (no error in excluding employer's evidence comparing plaintiff to four other employees:  to be permitted to offer such evidence, those employees must be similarly situated to plaintiff in all relevant respects, e.g., they were terminated by same decision maker or engaged in similar misconduct).

Third, as to the six other appraisal-support office service representatives who were reassigned in 2004, according to the County's evidence only one was reassigned for more than a few months and only two were physically relocated to other sections. In contrast, appellants' transfers or reassignments lasted from sixteen months to until at least 2006, and all but one were required to move their work stations to another section.  Further, the record does not reflect whether there were any changes in the duties on reassignment of the other appraisal-support office service representatives, much less that any such changes could reasonably be viewed as less desirable or prestigious (as were appellants').  See Smith v. Allen Health Sys., Inc., 302 F.3d 827, 834 (8th Cir. 2002) (it is possible that strong evidence of prima facie case also establishes pretext); see also Burlington N. & Santa Fe. Ry. Co. v. White, 548 U.S. 53, 70-71 (2006) (jury could reasonably conclude that reassignment was materially adverse employment action where new duties, while within job description, were more arduous and dirty and less prestigious).  Fourth, the County's second stated reason for appellants' reassignments was that in June 2004 the abstract section was seven months behind in inputting information into computers, while there was a light workload in the appraisal-support section, yet only two appellants were assigned to abstract in June 2004, and they were not assigned data-entry tasks, even though they had years of data-entry experience.  The district court correctly noted that others besides appellants Howard and King were reassigned to the personal-property section in 2004, but the County did not offer a heavy workload in that section as a reason for appellants' nearly simultaneous reassignments.  Fifth, while appellants admittedly discussed reassignments in their meeting with a Department of Revenue director, and two admittedly thought it was a good idea, the County did not rebut their testimony that

the director told them all Department of Revenue employees would be reassigned for cross-training and to address backlogs in certain sections, yet only a few employees (including appellants) were reassigned. In summary, the timing of the reassignments, the changes in appellants' duties, and the other factors outlined above created a jury question as to whether the reassignments were retaliatory. See Fitzgerald v. Action, Inc., 521 F.3d 867, 875 (8th Cir. 2008) (noting that evidence of pretext and retaliatory intent must be viewed in its totality, and that temporal proximity may directly support inference of retaliation and also affect reasonableness of inferences drawn from other evidence in overall record).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____